Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | RUBÉN CASTILLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1264 | **DATE** | 2/28/2012 |
| **CASE TITLE** | John Thomas Foggey, Sr. (#R-74411) vs. Dr. Ivonkovich, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $12.02 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions and payments in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lawrence Correctional Center. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. The court hereby appoints Patrick Christopher Keeley, Piccione, Keeley & Associates, 122 South County Farm Road, Wheaton, Illinois 60187, (630) 653-8000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ [For further details see text below.]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two hospital physicians, provided deficient care for an injured hand following the plaintiff's arrest.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $12.02. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall
**(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional center.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint articulates a colorable federal cause of action. At this stage of the proceedings, the court will assume that the attending physicians were state actors. *See West v. Atkins*, 487 U.S. 42, 54-56 (1988); *Wade v. Byles*, 83 F.3d 902, 907 n. 6 (7th Cir. 1996); *Takle v. Univ. of Wis. Hosp. and Clinic. Auth.*, 402 F.3d 768 (7th Cir. 2005).

The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff may be entitled to relief if his medical care was so inadequate that it "demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998).

Under the circumstances of this case, the plaintiff's motion for appointment of counsel is granted. The court hereby appoints Patrick Christopher Keeley, Piccione, Keeley & Associates, 122 South County Farm Road, Wheaton, Illinois 60187, (630) 653-8000 to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37 (N.D. Ill.). After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.